UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERTA M. REYNOLDS,
Plaintiff

CA 07 135 ML

v. C.A. NO.

PLEASANT DONUTS, INC. AND
SAM KALDA, OPERATIONS MANAGER
Defendants

## COMPLAINT

## INTRODUCTORY STATEMENT

The action is commenced by Roberta M. Reynolds (hereinafter "Plaintiff" or "Reynolds") against Pleasant Donuts, Inc. and Sam Kalda, Operations Manager (hereinafter "Defendants" or "Employers") in order to remedy or seek relief for the Defendants' unlawful and discriminatory employment practices, in violation of The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., in addition to other federal state and common law claims.

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345. The action is authorized and instituted pursuant to pertinent provisions of the ADEA, 29 U.S.C. § 621-634.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of the court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part

of the same case or controversy. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in the district pursuant to inter alia, 28 U.S.C. 1391 (b), because:

a. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in the judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' place of business in the city of Providence, Rhode Island;

c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of his employment, as a full-time employee of Defendants, in the city of Providence, Rhode Island, but for the Defendants' unlawful practices.

4. On or about October 29, 2002, Reynolds timely filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that she had been discriminated against on the basis of his age—RICHR # 03 EAG 081-07/06; EEOC #: 16JA300022.

5. The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of the action in federal court, in each of its counts, including requesting Right To Sue Authorization, if necessary, from the pertinent administrative agency(ies). (Attachment A and B.)

THE PARTIES

6. The Plaintiff, Roberta Reynolds, an individual, is a resident of Pawtucket, Rhode Island.

7. The Defendant, Pleasant Donuts, Inc., is a corporation, licensed to do business in the State of Rhode Island. It owns, operates, and maintains a principal office and place of business at 251 Smith Street, Providence, Rhode Island. The Defendant Sam Kalda, is an individual and an employee of the Defendant Pleasant Donuts, Inc., in the position of Operations Manager.

8. At all times material to the allegations of the Complaint, the Defendant Pleasant Donuts, Inc. has continuously, and does now, employ at least 50 or more employees in the State of Rhode Island.

9. At all times material to the allegations of the Complaint, the Defendant Pleasant Donuts, Inc. has continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the ADEA, as defined in § 11(g) of the ADEA (29 U.S.C.S. § 630(g) and § 11(h) of the ADEA (29 U.S.C.S. § 630(h)).

10. At all times material to the allegations of the Complaint, Defendants were and are an "employer" within the meaning of that term as applicable in pertinent provisions of the ADEA, as defined in § 11(b) of the ADEA (29 USCS § 630(b)), and as interpreted pursuant to the other statutes at issue in this Complaint.

11. Reynolds is an "individual" within the meaning of pertinent provisions defining that term under the ADEA, and an individual covered under the provisions of that statute, and as interpreted pursuant to the other statutes at issue in this Complaint.

12. At all times material to the action, the Defendants were an employer covered under and subject to the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990). At all times material to the action, Plaintiff was protected under the terms of R.I.G.L. § 42-112-1 et seq.

13. On information and belief, and at all times pertinent to this Complaint, managers and supervisors of the Pleasant Donuts, Inc., including Sam Kalda, in his capacity as Operations Manager, and any others engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendants, with respect to all allegations of this Complaint, and they knew or should reasonably have known of their unlawful conduct.

FACTS APPLICABLE TO EACH COUNT

14. Reynolds was born on September 16, 1942, and was approximately 60 years of age at the time of the incidents cited in this Complaint.

15. Reynolds worked for Pleasant Donuts, Inc. for approximately 10 years.

16. Reynolds was terminated on April 13, 2004, after the Defendants presented her with an isolated customer complaint.

17. Regarding this isolated complaint, Defendant Kalda, stated to Reynolds that a customer was inefficiently served by two "old women", one of which was Reynolds.

18. At the time of her termination, Reynolds held the position of Store Manager and had enjoyed a positive tenure of employment, meeting the Defendants' legitimate performance expectations.

19. In fact, the Defendants wrote Reynolds a positive written evaluation within one month *after* her termination, identifying no performance issues and citing Reynolds as "very good when it comes to analyzing issues and looking at the details and focusing on the whole picture."

20. Defendant Kalda continually made comments about Reynolds age, including but not limited to stating that:

a) "[she] was too old to work late";

b) he knew she "would have problems because older people were afraid of computers" and

c) "it may be time for new young blood."

21. The Defendants believed that Reynolds was too old to manage the store which eventually led to her termination.

22. But for the Defendants' intention to discriminate against Plaintiff on the basis of her age, the Plaintiff would not have been subjected to discriminatory terms and conditions of employment, or terminated.

23. The Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on age.

24. The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her age.

25. The wrongful actions by Defendants and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

COUNT I
As To All Defendants
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
HOSTILE ENVIRONMENT
UNLAWFUL TERMINATION
R.I.G.L. SECTION 42-112-1

26. The allegations contained in Paragraphs 1-25 above are incorporated herein by reference in their entirety.

27. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her age;

d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as harm to her personal and professional reputation.

28. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Reynolds' age. Such practices include, but are not limited to, Defendants':

a) terminating Reynolds because of her age;

b) subjecting Reynolds to discriminatory terms and conditions of employment because of her age.

29. But for the Defendants' intent to discriminate against Plaintiff because of her age, Defendants would not have terminated Plaintiff, or subjected her to discriminatory terms and conditions of employment.

30. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's age. The Defendants' conduct has unlawfully deprived Plaintiff of her employment, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## As To All Defendants
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## HOSTILE ENVIRONMENT
## UNLAWFUL TERMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. § 621 ET SEQ.

31. Paragraphs 1-25 above are incorporated herein by reference in their entirety.

32. The Defendants' conduct in terminating the Plaintiff, and as otherwise referenced in paragraphs 1-25, above, was motivated solely by an intent to discriminate against Plaintiff on the basis of her age, in violation of the ADEA, 29 U.S.C. § 621 et seq.

33. The Defendants' conduct in terminating the Plaintiff, and as otherwise referenced in paragraphs 1-25, above, was motivated in part by an intent to discriminate against Plaintiff on the basis of his age, in violation of the ADEA, 29 U.S.C. § 621 et seq.

34. The conduct by Defendants referenced in paragraphs 1-25, above, represents a willful violation of § 4(a)(1) and (2) of the ADEA, 29 U.S.C. § 623 (a)(1) and (2), and other sections, by continuously maintaining age-based employment policies which have the intended objective of removing qualified employees, including Plaintiff, from employment solely on the basis of age.

35. Defendants willfully engaged in a policy or practice of arbitrarily and summarily denying Plaintiff employment opportunities, in violation of the ADEA, 29 U.S.C. § 621 et seq.

36. The Defendants' discriminatory conduct, policies, and practices regarding retention and job opportunities are violative of the provisions of the ADEA, 29 U.S.C. § 621 et seq., by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her age;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

37. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Reynolds' age. Such practices including, but are not limited to, Defendants':

a.) Terminating Plaintiff because of her age;

b.) Subjecting the Plaintiff to discriminatory terms and conditions of employment.

38. But for the Defendants' intent to discriminate against Plaintiff because of her age, Defendants would not have terminated Plaintiff, or subjected her to discriminatory terms and conditions of employment.

39. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.

40. By its conduct, the Employer has failed in its affirmative duty under the ADEA, by its failure to exercise reasonable care and diligence, to maintain a work environment free of discriminatory insult, intimidation, or abuse directed at older workers.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT III
As To All Defendants
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
HOSTILE ENVIRONMENT
UNLAWFUL TERMINATION
RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
R.I.G.L. Section 28-5-1 et seq.

41. Paragraphs 1-25 above are incorporated herein by reference in their entirety.

42. The Defendants' conduct in terminating the Plaintiff, and as otherwise referenced in Paragraphs 1-25, above, was motivated either solely, or in part, by an intent to discriminate against the Plaintiff on the basis of her age, in violation of the Rhode Island Fair Employment Practices Act (RIFEPA).

43. The conduct by Defendants referenced in paragraphs 1-25, above, represent a willful violation of the FEPA, by continuously maintaining age-based employment policies which have the intended objective of removing qualified employees, including Plaintiff, from employment with the Defendants solely on the basis of age.

44. Defendants willfully engaged in a policy or practice of arbitrarily and summarily denying Plaintiff employment opportunities, in violation of the RIFEPA.

45. The Defendants' discriminatory conduct, policies, and practices regarding workers in the protected age category, including Reynolds, violate the RIFEPA, by

a. interfering with the Plaintiff's right to avail herself of the full and equal benefit of state and federal laws preventing workplace discrimination based on age;

b. depriving her of the status, benefits, conditions, and privileges of employment;

c. treating her in a hostile, demeaning and unlawful manner, based on age;

d. causing her lost income, benefits, humiliation, emotional injury and other harm.

46. The unlawful practices engaged in by Defendants were motivated by unlawful considerations concerning Plaintiff's age. Such practices included, but were not limited to, the Defendants' terminating the Plaintiff due to her age, and making impermissible considerations of age a factor in employment decisions.

47. But for the Defendants' intent to discriminate against Plaintiff because of her age, Plaintiff would not have been terminated.

48. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other rewards accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; has caused her humiliation, physical and emotional injury, and other harm.

49. By their intentional misconduct, Defendants have failed in their affirmative duty under the RIFEPA to maintain a work environment free of discriminatory insult, intimidation, and other misconduct directed at workers in the protected age category.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT IV
As To All Defendants
FAILURE TO ADEQUATELY TRAIN AND SUPERVISE

50. Paragraphs 1-25, above, are incorporated herein by reference in their entirety.

51. Defendants owed a duty of care and responsibility to Plaintiff to ensure that its managers, supervisors, agents had been trained regarding lawful workplace conduct, and had a duty to exercise reasonable supervision and monitoring of that conduct.

52. The Defendants acted as unfit and unsuitable employers, in the manner in which they trained and supervised Defendants' agents, supervisors, and managers, and by the manner in which they failed to properly supervise and monitor the workplace conduct of same.

53. The Defendants breached the duty of care owed to Plaintiff to exercise the ability, skill, and care reasonably and customarily exercised in monitoring, training, supervising, and regulating the attitudes, performance, policies, and conduct of its agents, supervisors, and managers, especially with respect to their duty to maintain a workplace free from unlawful discriminatory conduct based on age.

54. As the direct, foreseeable, and/or intended result of the Defendants' tortious conduct, the Plaintiff has suffered lost wages, benefits, harm to his professional life, physical

and emotional harm, as well as other damages, including those for which there is no adequate remedy at law.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of age;

b.) an order that the Defendants make whole the Plaintiff with appropriate lost earnings, back pay, front pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to the hiring of Plaintiff to the position of employment at issue, or some other appropriate and equivalent position, with appropriate increases, benefits, status, and promotional opportunities;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses, including but not limited to any costs incurred for health and life insurance premiums, medical treatment while without insurance, and the cost of seeking new employment, and compensation for the damage done to his valuable reputation, in amounts to be determined at trial;

d.) an order the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

e.) grant attorney's fees and the costs of the action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for their malicious conduct and/or for their reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date the cause of action accrued, pursuant to R.I.G.L. Section 9-21-10;

h.) grant such further relief as the court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in the Complaint triable as of right by jury.

Respectfully Submitted,
Roberta M. Reynolds,
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)