UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERTA M. REYNOLDS,
Plaintiff,

v. C.A. No. 07-135

PLEASANT DONUTS, INC. AND
SAM KALDA, OPERATIONS MANAGER

Defendants.

**PLEASANT DONUTS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**JURISDICTION AND VENUE**

1. The allegations set forth in paragraph 1 call for a legal conclusion and to the extent that an answer is deemed necessary, the allegations are denied.

2. The allegations set forth in paragraph 2 call for a legal conclusion and to the extent that an answer is deemed necessary, the allegations are denied.

3. The allegations set forth in paragraph 3 call for a legal conclusion and to the extent that an answer is deemed necessary, the allegations are denied.

4. Defendant admits that on October 29, 2002, Plaintiff filed a Charge of Discrimination alleging that she had been discriminated against on the basis of age with the Rhode Island Commission for Human Rights and the U.S. Equal Employment Commission. Defendant denies the remaining allegations contained in paragraph 4.

5. The allegations set forth in paragraph 5 call for a legal conclusion and to the extent that an answer is deemed necessary, the allegations are denied.

**THE PARTIES**

6. Denied for lack of sufficient knowledge or information.

7. Defendant admits that it is a corporation licensed to do business in Rhode Island and that its principal place of business is in Rhode Island. Defendant denies the remaining allegations contained in paragraph 7.

8. Denied.

9. The allegations set forth in paragraph 9 call for a legal conclusion and to the extent that an answer is deemed necessary, the allegations are denied.

10. The allegations set forth in paragraph 10 call for a legal conclusion and to the extent that an answer is deemed necessary, the allegations are denied.

11. The allegations set forth in paragraph 11 call for a legal conclusion and to the extent that an answer is deemed necessary, the allegations are denied.

12. The allegations set forth in paragraph 12 call for a legal conclusion and to the extent that an answer is deemed necessary, the allegations are denied.

13. Denied.

**FACTS APPLICABLE TO EACH COUNT**

14. Denied for lack of sufficient knowledge or information.

15. Defendant admits the allegations contained in paragraph 15.

16. Defendant admits that Plaintiff was terminated on April 13, 2004. Defendant denies that its reasoning for the termination was due solely to one "isolated customer complaint."

17. Denied.

18. Defendant admits that Plaintiff held the position of Store Manager at the time of her termination. Defendant denies the remaining allegations

contained in paragraph 18.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

**COUNT I**
**AS TO ALL DEFENDANTS**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**HOSTILE ENVIRONMENT**
**UNLAWFUL TERMINATION**
**R.I.G.L. SECTION 42-112-1**

26. Defendant hereby realleges and incorporates by reference its responses to paragraphs 1-25 above as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

**COUNT II**
**AS TO ALL DEFENDANTS**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**HOSTILE ENVIRONMENT**
**UNLAWFUL TERMINATION**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. § 621 ET SEQ.**

31. Defendant hereby realleges and incorporates by reference its responses to paragraphs 1-25 above as if fully set forth herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

**COUNT III**
**AS TO ALL DEFENDANTS**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**HOSTILE ENVIRONMENT**
**UNLAWFUL TERMINATION**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. SECTION 28-5-1 ET SEQ.**

41. Defendant hereby realleges and incorporates by reference its responses to paragraphs 1-25 above as if fully set forth herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

**COUNT IV**
**AS TO ALL DEFENDANTS**
**FAILURE TO ADEQUATELY TRAIN AND SUPERVISE**

50. Defendant hereby realleges and incorporates by reference its responses to paragraphs 1-25 above as if fully set forth herein.

51. Defendant neither admits nor denies the allegations contained in paragraph 51 and leaves plaintiff to her proof.

52. Denied.

53. Denied.

54. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads the defense of insufficiency of process.

**SECOND AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads the defense of lack of personal jurisdiction.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads the affirmative defense of lack of subject

matter jurisdiction.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads the affirmative defense of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads the affirmative defense of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads the affirmative defense of all applicable statutes and/or periods of limitation.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads the affirmative defense of failure to exhaust all administrative remedies.

**NINTH AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads the affirmative defense that Defendant exercised reasonable care in that it had an appropriate antiharassment and/or antidiscrimination policy and complaint procedure.

**TENTH AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads that Plaintiff failed to mitigate her alleged damages in that she failed to take advantage of any preventative or corrective opportunities provided by Defendant and otherwise failed to avoid harm.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads that it had a legitimate non-discriminatory reason for terminating plaintiff.

**TWELTH AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads that assuming that defendant did discriminate against plaintiff, which defendant denies, defendant would have terminated plaintiff even without its alleged intent to discriminate.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads that plaintiff fails to state a claim upon which punitive damages may be granted. Defendant also affirmatively pleads that any award of punitive damage would violate its due process and equal protection rights guaranteed to it by the Rhode Island and United States Constitutions.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed and that it be awarded its costs and attorneys' fees.

**DEFENDANT PLEASANT DONUTS, INC. HEREBY DEMANDS A TRIAL BY JURY.**

Pleasant Donuts, Inc.,
By their Attorneys,

/s/ James A. Ruggieri
______________________________
James A. Ruggieri, Esq. (#2828)
Higgins, Cavanagh & Cooney LLP
123 Dyer Street
Providence, RI 02903
401-272-3500

**CERTIFICATION OF SERVICE**

I hereby certify that I caused to be served a copy of the within document by electronic mail through the electronic case filing system of the United States District Court on the 18th day of June, 2007 to the following counsel of record:

Stephen T. Fanning
305 South Main Street
Providence, RI 02903

/s/ James A. Ruggieri
James A. Ruggieri, Esq.