UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERTA M. REYNOLDS,
Plaintiff

v. C.A. NO. 07-135 ML

PLEASANT DONUTS, INC. AND
SAM KALDA, OPERATIONS MANAGER
Defendants

**Statement for Rule 16 Conference**

I. INTRODUCTORY STATEMENT

The action was commenced by Roberta M. Reynolds (hereinafter "Plaintiff" or "Reynolds") against Pleasant Donuts, Inc. and Sam Kalda, Operations Manager (hereinafter "Defendants" or "Employers") in order to remedy or seek relief for the Defendants' unlawful and discriminatory employment practices, in violation of The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., in addition to other federal state and common law claims.

II. FACTUAL ALLEGATIONS

Reynolds was born on September 16, 1942, and was approximately 60 years of age at the time of the incidents cited in this Complaint. Reynolds worked for Pleasant Donuts, Inc. for approximately 10 years. Reynolds was terminated on April 13, 2004, after the Defendants presented her with an isolated customer complaint. Regarding this isolated complaint, Defendant Kalda, stated to Reynolds that a customer was inefficiently served by two "old women", one of which was Reynolds. At the time of her termination, Reynolds held the

position of Store Manager and had enjoyed a positive tenure of employment, meeting the Defendants' legitimate performance expectations.

In fact, the Defendants wrote Reynolds a positive written evaluation within one month *after* her termination, identifying no performance issues and citing Reynolds as "very good when it comes to analyzing issues and looking at the details and focusing on the whole picture." Reynolds alleges in her Complaint that Defendant Kalda continually made comments about Reynolds age, including but not limited to stating that "[she] was too old to work late"; he knew she "would have problems because older people were afraid of computers" and that "it may be time for new young blood." Reynolds alleges that the Defendants believed that Reynolds was too old to manage the store which eventually led to her termination. Reynolds alleges that, but for the Defendants' intention to discriminate against Plaintiff on the basis of her age, the Plaintiff would not have been subjected to discriminatory terms and conditions of employment, or terminated.

## III. TRIAL ISSUES

No unusual trial issues are anticipated. This case presents straightforward factual disputes relative to whether the proffered reason provided to Reynolds for her termination was merely a pretext for the Defendants' discriminatory animus based on age. The elements of Reynolds proof under that Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq. (RICRA) and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. (ADEA) are essentially the same. **See gen. Ward vs. Pawtucket Police Dept.**, 639 A.2d 1379 (R.I. 1994); **Iacampo vs. Hasbro, Inc**. 929 F. Supp. 562 (D.R.I. 1996).

With respect to Defendant Kalda, efforts to locate this Defendant for service have been unsuccessful. It appears that Mr. Kalda has permanently left the state of Rhode

Island and his whereabouts are unknown. Plaintiff anticipates dropping this Defendant from the suit.

IV. CASE PROCESSING MATTERS

Plaintiff made an offer of settlement on October 4, 2007, but has not received a response from the Defendant. The Plaintiff is open to participating in the Court's alternative dispute resolution program.

Respectfully Submitted,
Roberta M. Reynolds,
By Her Attorney,

/s/ Stephen T. Fanning
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250/401-272-4520 (FAX)

Certification

I hereby certify that a true and correct copy of the above was served on Counsel for the Defendant Pleasant Donuts, Inc., James Ruggieri, Esq. through the electronic case filing system of the United States District Court on this 13th day of November 2007.

/s/ Stephen T. Fanning